[No. 29729.   Department Two.   March 7, 1946.]

ROY ARSNEAU, *Appellant*, v. EDWARD THOMPSON,
*Respondent*.[1]

*Clarence L. Gere*, for appellant.

·*Lycette, Diamond & Sylvester*, for respondent.

BLAKE, J.—So far as questions raised on this appeal are concerned, this is an action for an accounting based upon the following provisions of an agreement made by defendant with plaintiff on August 7, 1942:

"This will confirm our agreement to split all income from Prefabricated Ship[s], Inc., *or any associated project or business*.

"It is understood that I [defendant] am to get back actual cash invested by me before any division takes place.   After that we are both to split 50-50 on any income received." (Italics ours.)

In substance, the defendant's answer was a denial that he had received any income for which he was obligated to account under the contract.   He interposed three affirmative defenses, which, in the view we take of the evidence, it is

[1]Reported in 166 P. (2d) 932.

unnecessary to summarize. Judgment was entered, by which plaintiff's claim for accounting was denied and dismissed. Plaintiff appeals.

That respondent received no income whatever from Prefabricated Ships, Inc., is admitted. He did receive, however, some eighty-eight hundred dollars as salary from the Puget Sound. Shipbuilding Company, which appellant claimed to be an "associated project or business" under the terms of the agreement. Evidence adduced at the trial largely had to do with that issue: whether Puget Sound Shipbuilding Company was an associated project or business of Prefabricated Ships, Inc. The judgment was entered on the theory that it was not.

■ Under the view we take of the case, however, it is unnecessary to review the evidence on that issue. For conceding that, in contemplation of the agreement, Puget Sound Shipbuilding Company was an associated project or business of Prefabricated Ships, Inc., it is clear from the evidence that the amount received by respondent was not sufficient to require any divisions with appellant. The agreement provides: "It is understood that I [respondent] am to get back actual cash invested by me before any division takes place."

It is not seriously disputed that respondent actually received only eighty-eight hundred dollars from Puget Sound Shipbuilding Company; and his testimony to the effect that he put at least that amount of cash into Prefabricated Ships, Inc., is not denied.

■ Appellant points out that there is evidence to the effect that respondent had made arrangements for further compensation from Puget Sound Shipbuilding Company for services rendered and to be rendered. Whatever these arrangements may have been, the fact is that respondent has received only eighty-eight hundred dollars; and it is altogether unlikely that he will ever get more, for Puget Sound Shipbuilding Company is hopelessly insolvent, and its affairs are in the hands of an assignee for the benefit of creditors. In any event, any income respondent may here-

after receive cannot be made the subject of an accounting in this action.

Judgment affirmed.

DRIVER, C. J., BEALS, and ROBINSON, JJ., concur.

JEFFERS, J., concurs in the result.